UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY IRENE PEREZ on behalf of § <br> RUDY LEE ANTHONY BOSMANS, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> MICHAEL J. ASTRUE, § <br> Commissioner of the Social § <br> Security Administration, § <br> § <br> Defendant. § | | CIVIL ACTION NO. <br><br> SA-08-CV-0010 OG (NN) |

**MEMORANDUM AND RECOMMENDATION**

TO:   Honorable Orlando Garcia
      United States District Judge

The purpose of this memorandum and recommendation is to recommend dismissal of this case. Plaintiff Mary Irene Perez, acting pro se, filed this case on behalf of her son, Rudy Lee Anthony Bosmans, to challenge the decision of the Commissioner of the Social Security Administration (SSA), denying Rudy's application for Supplemental Security Income (SSI). After granting Perez's request to proceed in forma pauperis,[1] I issued a scheduling order directing Perez to file a brief, setting forth the errors she contends entitle her son to SSI.[2] I directed Perez to file her brief by April 23, 2008. Perez did not file a brief. I then issued a show cause order on May 9, 2008 and directed Perez to show cause in writing why her case should not be dismissed

---

[1]Docket entry # 3.

[2]Docket entry # 12.

for failing to comply with an order of the court.[3] I instructed Perez that she could respond by filing a brief. I directed Perez to file a brief or a written response to the show cause order by May 23, 2008. Perez did not file a brief or otherwise respond to the show cause order. Consequently, dismissal is appropriate under Rule 41(b)[4] for failing to prosecute and/or failing to comply with my earlier motions.

Recognizing that the district judge may be reluctant to dismiss a pro se case involving a child, I reviewed the Commissioner's decision and the SSA record to determine whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.[5] Rudy was pre-schooler at the time he applied for SSI; he was in the third grade at the time of his hearing before the ALJ. At step I of the 3-step process that applies to child-disability determinations, the ALJ determined that Rudy had not engaged in substantial gainful activity.[6] At step 2, the ALJ determined that Rudy had two medically determinable severe impairments: (1) attention deficit and hyperactivity disorder and (2) asthma.[7] At step 3, the ALJ determined that neither of Rudy's impairments meets or medically equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ

---

[3]Docket entry # 13.

[4]*See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

[5]*Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

[6]SSA record, p. 14.

[7]*Id*.

explained that no treating or examining physician indicated findings that would satisfy the severity of any listed impairment.[8]

The ALJ then considered whether Rudy has an impairment or a combination of impairments that functionally equals a listed impairment.  The ALJ determined that Rudy's impairments do not functionally equal a listed impairment because Rudy does not have marked limitations in two of the six domains of functioning used to assess functional equivalence, or an extreme limitation in one domain.[9]  For an impairment to qualify as functionally equal to a listed impairment, the child's impairment must result in marked limitations in two domains of functioning or an extreme limitation in one domain.[10]  A limitation is "marked" when the "impairment(s) interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities."[11]  The ALJ determined that although Rudy has a "less than marked" limitation in five domains—acquiring and using information, attending and completing tasks, interacting and relating with others, caring for himself, and health and physical well-being[12]—Rudy has no impairment that interferes seriously with his ability to independently initiate, sustain, or complete activities.  Thus, the ALJ concluded that Rudy is not disabled as defined under the Social Security Act.

Substantial evidence supports the ALJ's conclusion that Rudy is not disabled and the

---

[8]*Id*. at p. 14.

[9]*See* 20 C.F.R. § 416.926a(b)(1).

[10]*See* 20 C.F.R. § 416.926a(a).

[11]20 C.F.R. § 416.926a(e)(ii)(2).

[12]SSA record, pp. 17-22.

Commissioner applied the proper legal standards in evaluating the evidence.  The record reflects that Rudy has disciplinary problems at school and has physical limitations due to asthma, but the record does not support Perez's statements about the intensity, persistence or limiting effects of Rudy's impairments.  The district judge can dismiss this case, knowing that the Commissioner's decision is proper.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[13]  **Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[14]  Additionally, failure to file timely written objections to the proposed findings, conclusions and

---

[13] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[14] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[15]

**SIGNED** on May 30, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[15]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).